## Salem

EUNICE MONTGOMERY LEE

v.

ROBERT EDWARD LEE

No. 1514-85

Decided February 3, 1987

COUNSEL

Michael McHale Collins (J. Gregory Mooney; Collins, Crackel & Mooney, on brief), for appellant.

Edward K. Stein (Dabney L. Pasco; Alderson & Stein; Kostel, Watson, Snyder & Pasco, on brief), for appellee.

OPINION

**HODGES, J.** —On August 29, 1984, Robert Edward Lee filed a bill of complaint praying for a divorce from his wife, Eunice Montgomery Lee, on the grounds of cruelty and constructive desertion. In addition to other relief requested, Mr. Lee sought custody of the youngest of the parties' two infant children and filed notice the next day that he would seek custody of and support for the infant *pendente lite*. Eunice Lee filed her answer and cross-bill on September 6, 1984. On October 5, 1984, a copy of a letter agreement, which had been signed by the parties and their respective attorneys, was filed in the clerk's office. The agreement divided a portion of the parties' property and set forth Mr. Lee's agreement to pay $250 a month for the support of the two infant children. Mr. Lee's request for custody of the infant son was denied by decree on October 17, 1984.

The court entered a final decree of divorce on October 4, 1985. The parties' agreement concerning child support was neither affirmed, ratified nor incorporated into the final decree nor any other decree. On the day the final decree was entered, the court heard evidence and argument on Mr. Lee's motion to reduce his child support payments. Subsequently, on November 1, 1985, the court entered a decree which granted the husband's request and reduced the total monthly support from $250 a month to $125 a month. The children's mother, Eunice Lee, objected and filed this appeal.

Mrs. Lee contends that the modification was error since the evidence was insufficient to justify a reduction in the amount of child support.[1] We find that the hearing held by the court was in effect an initial child support hearing, and we hold that the court erred in considering only factors that would be relevant to a motion to reduce support due to a change in circumstances.

The statement of facts filed by the parties pursuant to Rule 5A:8(c) indicates that the only testimony proffered during the support hearing concerned the reduction of the husband's monthly income since his retirement from employment with Hercules, Inc. due to disability. Mr. Lee testified that before retirement his monthly income from Hercules was approximately $1,000. After he retired he received only $400 a month from Hercules. In addition, he received a government disability check in the amount of $40 per month for ten months of the year, and $215 per month from the National Guard. It is unclear whether he received these amounts prior to his retirement. He also testified that he had a savings account of about $48,000 into which he reinvested all interest earned on the account. The court entered a decree reducing the husband's total monthly child support obligation based upon this evidence.

After the hearing, the court wrote the parties on October 18, 1985, and said: "I have reviewed the evidence and arguments of counsel in this matter and am of the opinion that the amount of child support being paid should be reduced from $250.00 to $125.00 per month, effective October 1985." The decree entered November 1, 1985, ordered that "the complainant's support obligation . . . be reduced from $250.00 per month to $125.00 per month . . . ."

Although the parties apparently viewed the hearing as one for modification of their prior child support agreement, the hearing held by the court was in effect an initial child support hearing.

---

[1] Appellant conceded during argument that the trial court had jurisdiction to modify the child support amount even though the agreement had not been incorporated into the final decree. "The court's power in this respect is unaffected by any contract entered into between husband and wife. Neither ratification nor incorporation of such a contract by the divorce decree affects the court's continuing jurisdiction in this regard." *Edwards v. Lowry*, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986); *see also Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); *Carter v. Carter*, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975); *Gloth v. Gloth*, 154 Va. 511, 551, 153 S.E. 879, 892 (1930).

Prior to the hearing no decrees setting child support had been entered and the record is devoid of any evidence concerning the past or present welfare and needs of the children. The court only considered the change in the father's income and did not consider the needs of the children. In so doing, the court erred by failing to consider the required factors necessary for a judicial determination of child support. Code § 20-107.2.

■ In Virginia, a court has authority to provide for the maintenance and support of minor children. Code §§ 20-103, 20-107.2, 20-108. The welfare of the child is the paramount consideration for child custody, care, and maintenance determinations. *See Allen v. Allen*, 188 Va. 717, 721, 51 S.E.2d 207, 209 (1949); *D'Auria v. D'Auria*, 1 Va. App. 455, 461, 340 S.E.2d 164, 168 (1986). Prior to entry of an initial decree regarding child support, the court must consider the eight factors enumerated in Code § 20-107.2. *Keyser v. Keyser*, 2 Va. App. 459, 461, 345 S.E.2d 12, 13 (1986).

■ In this case the trial court considered only two factors: the father's earning capacity and his financial resources. There is no evidence in the record concerning the needs of the children, any independent financial resources available to them or the custodial parent to provide for the infants' needs, or any of the other factors contained in Code § 20-107.2. Just as it is error for the court to ignore statutorily mandated factors when determining an award of spousal support, *Bristow v. Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980), it is error for a court to consider only some of the statutorily mandated factors when initially determining what would be a proper amount of child support. While the court could have taken the amount set in the parties' original agreement into consideration, it was required to consider the factors contained in Code § 20-107.2 as well.

We find that the hearing held by the court was an initial support hearing, that the court erred by applying the standards for modification in support based upon changed circumstances, and that the evidence was insufficient as a matter of law to support the amount set by the court's decree. The decision of the trial court is reversed and remanded for further proceedings in compliance with this opinion.

*Reversed and remanded.*

Koontz, C.J., and Moon, J., concurred.