**Richmond**

GREGORY LEWIS SCOTT

v.

DIXIE LEE SCOTT

No. 0424-90-2

Decided August 27, 1991

COUNSEL

Bruce R. Williamson, Jr. (Williamson & Toscano, on brief), for appellant.

George H. Dygert (George H. Dygert & Associates, on brief), for appellee.

OPINION

COLE, J.*—This is an appeal from the child support provisions of a final divorce decree entered in the Circuit Court of Albemarle County on February 14, 1990. The appellant, Gregory Lewis Scott, raises two issues on appeal: (1) whether the trial court erred in ruling that in setting child support payments, it would deviate from the amount fixed in a post-nuptial agreement of the parties only upon a showing by the husband that he could not possibly carry out the provisions of such agreement; and (2) whether the trial court erred in ruling that it would not deviate from the amount fixed in the agreement unless the husband proved a material change in circumstances without regard to changes in circumstances of the appellee. We find error in both holdings and reverse.

We commence our analysis with the general principle that the jurisdiction of a divorce court to provide for child support is statutory. Code § 20-107.2; *see Jackson v. Jackson*, 211 Va. 718, 719, 180 S.E.2d 500, 500 (1971). Divorcing parents cannot by agreement divest a divorce court of its jurisdiction to award child support. *Hammers v. Hammers*, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975). As of the hearing date, February 9, 1990, no child support award was in effect and none had previously been entered. Since the court was setting child support for the first time, the hearing was an initial child support hearing and the trial court erred in considering only those factors which were relevant to a change in circumstances. *See Lee v. Lee*, 3 Va. App. 631, 634, 352 S.E.2d 534, 536 (1987).

In any proceeding on the issue of determining child support, there exists a rebuttable presumption that the amount of the award as determined by the application of the statutory child support guidelines is the correct amount. Code § 20-108.1. Therefore, a trial court must first determine the presumptive amount of child support in accordance with the terms of the statute. Code § 20-108.2; *see also Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991); *Farley v. Liskey*, 12 Va. App. 1, 4, 401 S.E.2d 897, 899 (1991); *Alexander v. Alexander*, 12 Va.

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement and thereafter by designation pursuant to Code § 17-116.01.

App., 691, 695, 406 S.E.2d 666, 668 (1991).[1] This amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved. Once the presumptive amount is determined, the trial court may deviate from the presumptive amount if such deviation is justified by factors recognized in Code §§ 20-108.1 and 20-107.2.

■ When divorcing spouses have entered into a separation agreement providing for child support and maintenance, the trial court *may*, in the exercise of its sound discretion, affirm, ratify, or incorporate the provisions of the agreement into its decree. Code § 20-109.1. "[P]ublic policy favors prompt resolution of disputes concerning the maintenance and care of minor children and the property rights of the parties. Voluntary, court-approved agreements promote that policy and should be encouraged." *Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975).

> The extent to which and method by which an agreement for child support is enforceable will depend upon the action taken by the divorce court pursuant to Code § 20-109.1. The court may accept a child support agreement, in whole or in part, or it may completely reject the agreement and exercise its statutory right to determine support. If the court accepts the agreement, its decree may merely approve, ratify or affirm the agreement, in whole or in part, without incorporating its provisions into the decree or ordering payment or compliance with its terms. In that situation, the decree merely constitutes judicial approval of a private bilateral contract, and the provisions of the support agreement do not have the full force and effect of a court's decree and are not enforceable by the court's contempt powers. The court also has the option to incorporate by reference the child support provisions, in whole or in part, as part of the final decree, Code § 20-109.1, and retain jurisdiction to enforce compliance through its contempt powers.

*Fry v. Schwarting*, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987) (citations omitted).

---

[1] *Richardson, Farley* and *Alexander* had not been decided when the trial court rendered its decision in this case.

When the parties have entered into a separation agreement providing for child support, a trial court has authority to incorporate the agreement in its decree. Code § 20-109.1. This incorporation may include a provision for child support. *Id*. However, such an agreement between husband and wife cannot prevent the court from exercising its power to make and modify child support awards. *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); *see also Mayhood v. Mayhood*, 4 Va. App. 365, 369, 358 S.E.2d 182, 184 (1987). The provisions of a separation agreement may be considered if they are consistent with the best interests of the child as determined in accord with the factors set forth in Code §§ 20-107.2 and 20-108.1.

When awarding child support and presented with a provision for child support in an agreement, a trial court need not award child support in the statutorily presumptive amount if a deviation from such an amount is justified. However, it must determine the guideline amount and then may compare this amount with the provisions of the separation agreement. If the factors described in Code §§ 20-107.2 and 20-108.1 justify an award based upon the provisions of the separation agreement instead of the statutorily presumptive amount, it may then enter an award in the amount provided for in the separation agreement and it may do so by affirming, ratifying, and incorporating the separation agreement, in whole or in part, pursuant to Code § 20-109.1.

In this case, the trial court ruled that it would deviate from the amount fixed in the agreement of the parties only upon a showing by the husband that he could not possibly carry out the provisions of the separation agreement and that he would not deviate from the amount fixed in the agreement unless the husband proved a material change in circumstances without regard to changes in the circumstances of the appellee. We find error in both of these holdings and reverse. The trial court erred because it failed to consider the presumptive amount under the statute and, therefore, failed to apply the proper standard in determining what was in the best interest of the child. It follows that it did not apply the proper standard in deciding whether to approve, ratify, and incorporate the agreement with the child support provisions.

On remand, the trial court must determine the presumptive amount to be used as a standard for comparative purposes. If its award deviates from the presumptive amount, then written find-

ings explaining its reasons for deviating from the amount must be made. The trial court may consider those factors statutorily recognized as proper considerations in Code §§ 20-108.1 and 20-107.2, including those incorporated in or underlying the agreement entered into between the parties. From all of these factors, the trial court must enter an award that is in the best interest of the child. We do not suggest that the greater amount of periodic support will necessarily be in the child's best interest. For example, the agreement may provide for a lesser amount of support than presumptively payable under Code § 20-107.2, but the contract may provide for support beyond the age of the child's majority or contain provisions for education which would render the agreement more beneficial to the children. Under these circumstances, the trial court may well be justified in approving, ratifying, affirming and incorporating the contract and child support provision without entering an order for the presumptive amount under Code § 20-108.2 as long as written reasons are given for the deviation.

For the reasons stated, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Coleman, J., concurred.