DEBORAH WADE WATSON

v.

RAYMOND E. WATSON, JR.

No. 2082-92-2

Decided October 26, 1993

COUNSEL

Michael G. Bowen (Bourdow & Bowen, P.C., on briefs), for appellant.

L. Willis Robertson, Jr. (Crosby & Robertson, on brief), for appellee.

OPINION

**BENTON, J.**—This appeal arises from a final decree of divorce. Deborah Wade Watson contends that the trial judge erred in awarding the amount of child support contained in the property settlement agreement between her and her husband, Raymond E. Watson, Jr., without first determining the presumptive amount of child support according to Code § 20-108.2. We reverse the portion of the final decree that affirms, ratifies, and incorporates the existing child support payments, and we remand the decree for reconsideration.

On June 22, 1992, the husband filed a bill of complaint for a divorce. The bill of complaint requested that the property settlement agreement entered into by the parties in October 1991 be affirmed, ratified, and incorporated in the final decree of divorce. In her answer and cross-bill, the wife requested temporary and permanent child support for the two children born of the marriage.

Three months after filing the bill of complaint, the husband filed a motion to enter the final decree. The wife then filed a motion to compel the husband to answer interrogatories and produce documents pursuant to discovery requests filed in June 1992. At the hearing on the motions, the wife argued that the trial judge should determine the presumptive amount of child support in accordance with Code § 20-108.2 before incorporating into the final decree the child support amount stated in the agreement. The husband argued that the wife could request a redetermination of the agreed child support amount at anytime and urged the trial judge to enter a final decree. The trial judge declined to consider the child support issue and entered a final decree of divorce that affirmed, ratified, and incorporated the separation agreement in the final decree.

In *Scott v. Scott,* 12 Va. App. 1245, 408 S.E.2d 579 (1991), this Court stated basic principles concerning application of the child support statutes.

We commence our analysis with the general principle that the jurisdiction of a divorce court to provide for child support is statutory. Divorcing parents cannot by agreement divest a divorce court of its jurisdiction to award child support. As of the hearing date, . . . no child support award was in effect and none had previously been entered. Since the court was setting child support for the first time, the hearing was an initial child support hearing. . . .

> In any proceeding on the issue of determining child support, there exists a rebuttable presumption that the amount of the award as determined by the application of the statutory child support guidelines is the correct amount. Therefore, a trial court must first determine the presumptive amount of child support in accordance with the terms of the statute.

*Id.* at 1247, 408 S.E.2d at 581 (citations omitted). In a later decision, this Court reiterated that "[t]he starting point . . . for determining the child support obligation of a party, whether initially or at a modification hearing is to compute the presumptive amount using the schedule found in Code § 20-108.2(B)." *Watkinson v. Henley,* 13 Va. App. 151, 158, 409 S.E.2d 470, 473 (1991).

The wife's answer to the bill of complaint requested temporary and permanent child support. In addition, the issue of the adequacy of the amount of child support unambiguously was raised when the wife's counsel requested at the hearing on the motions that the trial judge "first should determine the presumptive amount from the guidelines." The trial judge declined to do so without "even read[ing] the property settlement agreement [or . . .] know[ing] . . . its terms." The husband's counsel argues on appeal that the trial judge did not err in failing to consider the guidelines and the terms of the agreement because the amount of child support stated in the property settlement agreement must be adjusted every two years "based on the statutory guidelines and an average of the parties' previous two years income monthly."

We conclude that the trial judge "erred because the trial [judge] failed to consider the presumptive amount under the statute and, therefore, failed to apply the proper standard in determining what was in the best interest of the child." *Scott,* 12 Va. App. at 1249, 408 S.E.2d at 582. The trial judge may not set an amount of child support without considering the statutory presumptive amount and the agreement of the parties.

> When awarding child support and presented with a provision for child support in an agreement, a trial court need not award child support in the statutorily presumptive amount if a deviation from such an amount is justified. However, it must determine the guideline amount and then may compare this amount with the provisions of the separation agreement. If the factors described in Code §§ 20-107.2 and 20-108.1 justify an award based upon the provisions of the separation agreement instead of the statuto-

rily presumptive amount, it may then enter an award in the amount provided for in the separation agreement and it may do so by affirming, ratifying, and incorporating the separation agreement, in whole or in part, pursuant to Code § 20-109.1.

*Id.* at 1249, 408 S.E.2d at 582.

For these reasons, we reverse the provision of the decree incorporating the $800 monthly child support and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Coleman, J., concurred.