## CIRCUIT COURT OF FAIRFAX COUNTY

Herbert

v.

Herbert (McCombs)

January 12, 1994

Case No. (Chancery) 79446

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant/cross-complainant's motion for an increase in child support. The parties in this case were divorced in 1984. In a Separation Agreement entered into that same year, the parties agreed upon the support to be paid by the father for the parties' three minor children. The Agreement provides that the father pay $1,800.00 per month in support, an amount to be reduced by one-third as each child attains the age of 18 or is otherwise emancipated, that he maintain health and life insurance for the benefit of the minor children, the latter until each child reaches the age of 22 or is otherwise emancipated, and that he pay 75% of certain college expenses, capped at 8% of his income, as defined in the Agreement. Under the Agreement and pursuant to *Commissioner v. Lester*, 366 U.S. 299, 6 L. Ed. 2d 306 (1961), the father enjoys a tax deduction for the support payments he makes. Taxes on the support payments are paid by the mother. Since the parties' divorce, both have remarried, and their oldest child has reached the age of 24.

In 1991, the mother brought a motion to increase the father's support obligation which, after a hearing, was denied. At that time, Vir-

ginia Code § 20–108.2 did not provide a guideline amount for determining support in those cases where the parties had a combined monthly income of greater than $10,000.

If modification of support is to be awarded, it must be in accordance with certain well-established principles. Virginia Code § 20–108 provides that, "The court may, from time to time after decreeing [for child support] . . . revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." The propriety of making any such revision is premised on the finding that "a material change in condition and circumstances has occurred." *Featherstone v. Brooks*, 220 Va. 442, 446 (1979). The Court must further find that the change in circumstances justifies the modification when considered in light of the "present circumstances of both parties and the benefit of the children." *Yohay v. Ryan*, 4 Va. App. 559, 566 (1987). Since the adoption of statutory guidelines for the determination of support, the requirement that the party seeking a change in support demonstrate a material change in circumstance is satisfied where the court finds that the last support award predates and significantly varies from the presumptively correct support amount. *Hiner v. Hadeed*, 15 Va. App. 575 (1993); *Watkinson v. Henley*, 13 Va. App. 151, 156–7 (1991); *Milligan v. Milligan*, 12 Va. App. 982, 988 (1991).

In this case, the evidence establishes that the father's income has diminished since the earlier award, but that he presently enjoys $10,800.00 per month in gross income. The mother earns $167.00 per month in gross income. The parties' gross income, without adjustments, must be used in the threshold analysis noted above to establish a change in circumstances. That analysis requires the presumptively correct amount of support be determined using the schedule found in Code § 20–108.2(B), and that it be compared with the amount provided in the prior award. *Farley v. Liskey*, 12 Va. App. 1 (1991); *Watkinson v. Henley*, 13 Va. App. at 158. The rule is no different in cases where the parties have reached agreement on the issue. *Scott v. Scott*, 12 Va. App. 1245 (1991).

Based on the gross income earned by each party as found, I have determined the presumptively correct amount of child support is $1,681. The presumptively correct amount was not determined on a

shared custody basis, as the evidence makes clear that the father does not have shared custody of the children under Code § 20–108.2.

I find that the $1,200.00 per month child support payment presently being made in accordance with the Court's decree significantly varies from the presumptively correct amount as defined. When one calculates the taxes to be paid by the mother on the support amount, an obligation which arises under the parties' Agreement, the amount of monthly child support the children are actually enjoying is even less than $1,200. By my calculation, utilizing a 15% tax rate, she receives approximately $1,020.00 per month in support for the children, some $700 less than the guidelines provide to meet the children's needs. The 15% tax rate used here is lower than that actually incurred by the mother and is based on her income in 1984. Her current tax rate is 40% as a result of the substantial income earned by her present husband. Applying that tax rate to the amount paid in support further erodes the amount effectively available for the parties' minor children. A modification hearing is thus justified.

The issue before the Court therefore is whether the guideline amount is unjust or inappropriate. *Scott v. Scott* at 1247. The court may deviate from the presumptively correct amount if such deviation is justified by the factors set forth in Va. Code §§ 20–108.1 and 20–107.2. *Richardson v. Richardson*, 12 Va. App. 18, 19–21 (1991); *Scott* at 1248.

Among the relevant factors to be considered in this determination are the following: imputed income to a voluntarily unemployed or underemployed party; payments for health care and life insurance; education expenses; the standard of living for the family during the marriage; the earning capacity of each parent; the monetary and non-monetary contributions by each parent to the well-being of the family; the tax consequences to the parties; a written agreement between the parties; and any other factors necessary to consider the equities for the parents and children.

The father urges that the Agreement earlier incorporated into the Court's decree governing support be upheld intact. He contends that if the Court were to award the statutory guideline amount to the mother, the other provisions in the Agreement for support, such as his payments for medical and life insurance and for college costs must be suspended to avoid over-payment of his support obligation. In essence, the father asks that the Court require the mother to elect either the

Agreement in its entirety, or the amount of support provided by statute, excluding the other benefits provided in the Agreement.

Virginia law does not require such a dichotomous analysis. While it is clear that the trial court must consider the provisions of any agreement on support reached by the parties, it is only one such factor to be addressed in the Court's determination. Va. Code § 20–108.1. Furthermore, there is no authority for the proposition that the agreement in its totality must be incorporated into and govern the Court's decision. As noted in *Watkinson v. Henley*, "The best interest of the child . . . is the paramount and guiding principle in setting child support . . . . [and] [w]here the trial court finds that the presumptive amount is inappropriate because the provisions in a separation agreement serve the best interest of the child, the court may vary from the guideline amount by ordering support be paid in an amount equal to the benefits provided for in the contract," or by incorporating by reference the agreement in its entirety or in part. *Watkinson* at 159 (citing *Fry v. Schwarting*, 4 Va. App. 173, 178 (1987)). *See also Scott* at 1249.

In this case, based on my consideration of all the relevant statutory factors as established by the evidence, including imputed income, and the provisions in the Agreement made for health insurance, life insurance, college costs and monthly support, I find that the Court's earlier decree should be modified and that support in the amount of $1,400.00 is appropriate. I further find that the other provisions of the Agreement are to remain unchanged, as they have already been factored into the determination of the amount found to be appropriate. The modification shall be in effect as of the date the motion for increase was filed.

First, in considering the parties' earning capacity and incomes, I find that the mother's gross income, by imputation, is $2,000.00 per month and that, as noted earlier, the father's gross income has diminished to $10,800.00 per month, since the initial support award was made. I further find from the evidence that the father is making payments pursuant to the parties' Agreement for medical insurance in the amount of $250.00 per month, and that his costs for maintaining a life insurance policy benefiting the minor children are $260.00 per month. I have used the life insurance premium costs made part of the record in this case during the 1991 hearing, divided by three, since the evidence presented before me in this hearing establishes that the father pays premiums to maintain life insurance coverage far in excess of the amount required by the parties' Agreement. He is presently making no

payments toward college expenses, as none are presently being incurred.

Based on the parties' greater combined gross income which results when income is imputed to the mother, and based on an adjustment made for the medical insurance premiums paid by the father, as well as for the life insurance costs, and in light of the children's needs, the calculation of the guideline support results in the figure stated.

While a modification of support will precipitate tax consequences for the father which are contrary to the parties' Agreement, I believe he is able to bear the costs financially. Moreover, the amount derived under the statute clearly better serves the needs of the children as established by the evidence.

These needs include the special education needs of the parties' younger son. While the father contends the expenditures for special schooling are unnecessary and that he was not consulted regarding the need or propriety of the placement, I have concluded the evidence is sufficient to support the mother's decision to enroll the parties' son in the special school and that the decision reflects a standard of living adopted by the parties with respect to another child now emancipated. Furthermore, the mother does not ask that her former spouse pay the costs of the special schooling but that the Court simply consider this expense in evaluating the need for support. In fact, the award does not reflect a dollar amount to compensate the mother for the actual costs incurred, but simply reflects my weighing the fact that she is shouldering these costs.

Whether analyzed in terms of the children's actual needs, or in light of their presumed needs as calculated under the Code and which are below their actual needs,[1] the amount provided by agreement is insufficient. Under the Agreement, the total value of the support presently being paid on behalf of the children, excluding the costs of life insurance is $1270.00 per month: $1,020.00 in support (based on the mother's tax liability) and $250.00 in medical insurance coverage. This amount is well below the amount of support the father would be obliged to pay under the guideline calculation, without an adjustment

---

[1] As noted in *Conway v. Conway*, 10 Va. App. 653 (1990), Va. Code § 20–108.2 "provides the court with reasonable guidelines based upon ability to pay . . . . At no point, however, do the Code guidelines indicate that the child's needs will be fully met." *Id.* at 658.

being made for the payment of life insurance premiums by the father, viz., $1634.00, and is well below the children's actual needs. The children's best interests must govern and supersede a provision which benefits the father while failing to meet the children's needs.