## CIRCUIT COURT OF FAIRFAX COUNTY

Murphy

v.

Murphy

November 21, 1994

Case No. (Chancery) 131057

BY JUDGE JANE MARUM ROUSH

This matter is before the Court on Mr. Murphy's motion to reconsider the entry of the final decree in this cause. For the reasons stated below, the motion to reconsider is denied, and the Court's order of October 14, 1994, suspending the final decree pending resolution of the motion to reconsider will be vacated.

This cause commenced on July 29, 1993, by Mrs. Murphy's filing a Bill of Complaint for Separate Maintenance. By consent of the parties, Mrs. Murphy was given leave to file an Amended Bill of Complaint for Divorce on August 17, 1994. In the Amended Bill of Complaint, Mrs. Murphy asked only that she be granted a divorce *a vinculo matrimonii* from Mr. Murphy on the grounds of a one-year separation and that the Property, Support and Custody Agreement dated October 13, 1993, between the parties (hereafter, the "PSA") be affirmed, ratified and incorporated, but not merged, into the final decree. On August 26, 1994, Mr. Murphy filed his answer to the Amended Bill of Complaint, in which he admitted all allegations of the Amended Bill of Complaint and "join[ed] in the prayer of plaintiff's Bill of Complaint." On August 31, 1994, a deposition in lieu of a commissioner's hearing was held, at which neither Mr. Murphy nor his counsel appeared. Accordingly, the PSA was entered into evidence at the deposition without objection.

On September 16, 1994, Mrs. Murphy moved the Court to enter a final decree of divorce in accordance with the Bill of Complaint. On September 22, 1994, Mr. Murphy obtained new counsel. On September 23, 1994, Mr. Murphy moved for leave to amend his answer to the Amended Bill of

Complaint. Mr. Murphy appeared at the September 30, 1994, hearing on the entry of the final decree to object to its entry. Mr. Murphy argued that the PSA should not be incorporated into the final decree because he no longer agreed with the provisions of the PSA concerning child support and visitation of the parties' two minor children. Mr. Murphy contended that the final decree could not be entered before the Court determined the presumptive amount of child support pursuant to the child support guidelines contained in § 20-108.2 of the Virginia Code. The Court denied Mr. Murphy leave to amend his answer to the Amended Bill of Complaint. On October 6, 1994, the Court entered a Final Decree of Divorce incorporating the PSA. Mr. Murphy now asks the Court to reconsider the entry of the final decree and the denial of his motion for leave to amend his answer.

In this case, child support was never in issue. Neither Mrs. Murphy's Amended Bill of Complaint, nor Mr. Murphy's answer thereto asked the Court to determine or award child support. Instead, both asked the Court to incorporate the PSA into a final decree of divorce. "The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of relief sought. It is the *sine qua non* of every judgment or decree . . . . A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void." *Gologanoff v. Gologanoff,* 6 Va. App. 340, 346 (1988), *quoting Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.,* 221 Va. 1139 (1981).

The Court is required to compute the presumptive amount of child support under the support guidelines only when child support is in issue. Va. Code Ann. § 20-108.1(B). *See, Watson v. Watson,* 17 Va. App. 249 (1993) (court erred in entering final decree fixing child support in accordance with parties' PSA without first calculating guideline support, where defendant in cross-bill had requested temporary and permanent child support).

Mr. Murphy argues that I erroneously required him to show a "material change of circumstances" in order to defeat the incorporation of the PSA into the final decree. To the contrary, as the transcript of the hearing on September 30, 1994, makes clear, I found that the "ends of justice"[1] would not be served by allowing Mr. Murphy to amend his answer, which he had filed only one month earlier, based on his allegation that his circumstances had changed since the signing of the PSA when those changes

---

[1] *See* Rule 1:8 of the Rules of the Supreme Court of Virginia.

occurred *before* he filed his answer asking that the PSA be incorporated into the final decree.

At the September 30, 1994, hearing, Mr. Murphy's counsel stated: "It is *our position*, Your Honor, that there has been *substantial changes in circumstances* since the agreement was signed . . . . My client has changed jobs, Your Honor, and he does not expect his income will be as much at his new job as it was at the former job." 9/30/94 Tr. p. 5 (emphasis added). Later, Mr. Murphy stated that he started his new job on August 15, 1994, eleven days before he filed his answer asking that the PSA be incorporated into the final decree. 9/30/94 Tr. p. 6, 1. 12. Under the circumstances, I ruled that the "ends of justice" would not be served by allowing Mr. Murphy to change counsel and repudiate his answer in this case and that Mr. Murphy was bound by his answer.

I conclude that a court is not required to calculate guideline child support where no pleading in the case requests that child support be determined. Child support was not in issue in this case. *See, e.g., Boyd v. Boyd*, 2 Va. App. 16, 20 (1986) (for court to award spousal support in a divorce proceeding where no pleading requested that spousal support be awarded "would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects").

Mr. Murphy's motion to reconsider is denied. The final decree was entered on October 6, 1994. The order entered on October 14, 1994, which suspended the final decree until resolution of Mr. Murphy's motion to reconsider, will be vacated.