ELDER, Judge,
concurring in part, dissenting in part.
I concur in Sections IV and V of the majority opinion regarding outstanding spousal support and attorney fees. However, I believe that the trial court did not abuse its discretion by incorporating the entire property settlement into the final order; for this reason, I respectfully dissent from Sections II and III of the majority opinion.
The majority fails to give proper deference to the familiar principle of appellate review, which dictates that “we review the evidence in the light most favorable to ... the prevailing party below____ The judgment of a trial court sitting in equity, when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.” Peple v. Peple, 5 Va.App. 414, 422, 364 S.E.2d 232, 237 (1988) (citations omitted). “The language of Code § 20-109.1 gives the trial court discretion in determining whether a property settlement agreement should be incorporated by reference into a final decree of divorce. Absent an abuse of discretion, the trial court’s decision must be upheld on appeal.” Forrest v. Forrest, 3 Va.App. 236, 239, 349 S.E.2d 157, 159 (1986).
As an initial matter, I address husband’s contention that the agreement was unenforceable due to its oral modification, changed circumstances, or unconscionability. I conclude that *750 the trial court did not err in finding that the agreement was enforceable. The applicable law states:
“[M]arital property settlements entered into by competent parties upon valid, consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain.” Cooley v. Cooley, 220 Va. 749, 752, 268 S.E.2d 49, 52 (1980) (citation omitted); Derby v. Derby, 8 Va.App. 19, 25, 378 S.E.2d 74, 77 (1989). Therefore, in this case, [husband] “had the burden at trial to prove by clear and convincing evidence the grounds alleged to void or rescind the agreement.” Drewry v. Drewry, 8 Va.App. 460, 463, 383 S.E.2d 12, 12 (1989).
Webb v. Webb, 16 Va.App. 486, 491, 431 S.E.2d 55, 59 (1993).
According to the agreement’s terms, neither party could modify the agreement unless in writing, even in the event of changed circumstances. In this case, there was no written modification. Additionally, there is no evidence to. support husband’s allegation that the agreement was unconscionable. Instead, ample evidence supports the trial court’s finding that the agreement was fair and equitable at the time it was entered into by the parties. Finally, husband did not allege any of the other grounds necessary for a recision or modification of the agreement.[2]
Next, addressing the central issue in this case, I would hold that the trial court did not err in incorporating every provision of the agreement, even after ordering husband to pay child support pursuant to the presumptive statutory guidelines. I commence this “analysis with the general principle that the jurisdiction of a divorce court to provide for child support is statutory. Code § 20-107.2____ Divorcing parents cannot by agreement divest a divorce court of its jurisdiction to award child support.” Scott v. Scott, 12 Va.App. 1245, 1247, 408 S.E.2d 579, 581 (1991).
*751 [WJhere parents have agreed upon an amount ... for the support and maintenance of a child, the trial court must consider the provisions of the agreement, that relate to the factors in Code §§ 20-107.2 and 20-108.1, in deciding whether the presumptive amount would be unjust or inappropriate in a particular case. In so doing, the trial court must consider whether the agreed provisions for the child would better serve the interest or “equities” for the parents and children. Code § 20-107.2(2)(h).
Watkinson v. Henley, 13 Va.App. 151, 158, 409 S.E.2d 470, 474 (1991). See also Scott, 12 Va.App. at 1248, 408 S.E.2d at 581.
In this case, the trial court followed Scott’s principles. The trial court (1) determined the presumptive amount of child support in accordance with the terms of Code § 20-108.2; and (2) decided not to deviate from the presumptive amount in light of the pertinent facts and circumstances.[3] Contrary to the majority’s assertion, the record does contain an indication that the trial court compared the package of benefits the minor child would receive under the agreement with what he would receive under the statutory guidelines. The trial court heard evidence regarding changes in the parties’ financial circumstances after the agreement’s execution and their current respective abilities to provide for the minor child’s current needs. First, evidence showed that husband had discontinued his monthly spousal support payments to wife in January 1994, which significantly decreased her ability to support the minor child. See Turner v. Turner, 213 Va. 42, 43, 189 S.E.2d 361, 363 (1972) (discussing the legal duty of a spouse to support children according to “the station in life to which he has accustomed them”). Second, husband had been relieved of his obligation to pay for one-half of the mortgage on the marital home, which represented a savings of approximately $700 per month. Third, husband’s salary had increased to *752 approximately $117,000 per year, a greater income than when he entered into the agreement. Furthermore, while husband was ordered to pay $773.93 more per month in child support than the agreement stated, this obligation presumably would have lasted for only twenty-four months.[4] Under the facts of this case, it was within the trial court’s discretion to decline to eliminate the college and insurance provisions.
Considering all of these factors, among others, the trial court arrived at a support amount that satisfied the child’s current needs and that was in the child’s best interests— considerations that the presumptive statutory guidelines are meant to reflect. See Williams v. Williams, 4 Va.App. 19, 25, 354 S.E.2d 64, 67 (1987); Lee v. Lee, 3 Va.App. 631, 634, 352 S.E.2d 534, 535-36 (1987). This support amount was not plainly wrong.
As the majority recognizes, a trial court may incorporate, “in whole or in part, the child support provisions of a contract,” and it may incorporate “any provisions thereof.” Watkinson, 13 Va.App. at 158-59, 409 S.E.2d at 474 (emphasis added). I believe that in this case, Section 2 of the agreement contained five provisions (sub-A through E), each one outlining a distinct element of the child support package (such as monthly payments, health insurance, and college expenses). See id. at 159, 409 S.E.2d at 474 (stating that trial courts may incorporate an agreement, or “provide specific support provisions, such as educational, insurance, and health care benefits ____”) (emphasis added). Because the trial court had authority to incorporate any or all of the provisions of the agreement, it was not obliged to strike all of Section 2 merely because it did not follow provision sub-A (monthly support payments), nor was it error to have declined to view provision sub-A and *753 provisions sub-C and D as mutually dependent.[5] Therefore, I do not agree with the majority that the trial court adopted a remedy that exceeded its statutory authority, nor do I agree that the trial court “was required to follow the agreement or the statutes, but not both.”
For the foregoing reasons I concur in part and dissent in part.

. See Derby, 8 Va.App. at 26, 378 S.E.2d at 77 (examining agreement for unconscionability, fraud, or duress); Frey v. Frey, 14 Va.App. 270, 273, 416 S.E.2d 40, 42 (1992) (examining agreement for potential ambiguity).

. The trial court specifically stated in its order that it considered "all of the factors under Sections 20-108.1 and 20-108.2” and found that "circumstances would justify application of the presumptive guidelines set forth in Section 20-108.2....”

. The minor child was bom on May 3, 1978, and will turn eighteen on May 3, 1996. The child will presumably graduate from high school in June 1996, one month after his eighteenth birthday. Thus, the court's order obligated husband to pay $773.93 more per month from July 5, 1994 until approximately June 1996, for a total of twenty-four months.

. If husband wished for the insurance and college tuition provisions (sub-C and D) to be invalidated if and when he was ordered to pay a greater amount of monthly child support, the agreement itself should have been drafted to specifically provide for this scenario.