COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia


SAMUEL GIFFORD MURPHY

v.   Record No. 0071-95-4          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
DEBORAH HUTCHINS MURPHY                 OCTOBER 17, 1995

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Jane Marum Roush, Judge

          Keenan R. Goldsby (Richard M. Wexell; Richard
          M. Wexel & Associates, on brief), for
          appellant.

          Peter M. Fitzner (Deborah Hutchins Murphy,
          pro se, on brief), for appellee.


        The judgment of the trial court is affirmed because the

trial court did not abuse its discretion in refusing to allow

appellant to amend his bill of complaint.

        Here, appellant did not raise the issue of child support in

his answer or at the depositions in lieu of trial, which he

failed to attend.  He joined in appellee's request that the

agreement be incorporated into the decree.  During the

depositions the settlement agreement was admitted into evidence.

 After he had been notified the appellee was moving the court for

a decree in accordance with the pleadings and proof contained in

the deposition, appellant changed his lawyer and moved the court

for leave to amend his pleadings in order to put the amount of

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

child support at issue.

The right to file amended pleadings rests in the sound discretion of the trial judge, and although it shall be liberally granted in furtherance of the ends of justice, it is not an abuse of discretion to deny an amendment where the ends of justice do not require it. See Roberts v. Roberts, 223 Va. 736, 292 S.E.2d 370 (1982). The appellant requested permission to amend his answer because, he alleges, the agreed amount of support was no longer reasonable due to a job change. However, the appellant acknowledged that he had changed jobs before he filed his original answer. The trial judge found that in such circumstances the ends of justice would not be served by granting the appellant's request.

Appellant contends that "if the amount of child support is in dispute, in spite of a prior agreement, the trial court must address `the issue of determining the child support.' Code § 20-108.1." Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 668 (1991). That is true. That principle required the reversal in Watson v. Watson, 17 Va. App. 249, 436 S.E.2d 193 (1993), where there was a child support agreement and the bill of complaint requested that the settlement agreement providing for child support be incorporated into the final decree. However, in her answer, the wife did not join in the request, but instead requested temporary and permanent child support. We found that the wife had raised the issue of child support, and remanded the case for a redetermination of child support that took both the

agreement and the guidelines into consideration.  <u>Watson</u>, 17 Va. App. at 251, 436 S.E.2d at 195.  However, the <u>Watson</u> facts are inapposite to the facts here.  In <u>Watson</u> the amount of child support was placed in dispute by the pleadings in the case, and it was the wife's contention throughout the proceedings that the trial judge had to determine the presumptive amount of child support notwithstanding a settlement agreement.  Here, appellant did not seek to put the amount in issue until after all the evidence was in, and the court was prepared to enter a decree based upon the pleadings and depositions already filed in the case.  What was put in issue by appellant's motion to amend was whether he could amend to put child support in issue.  The record does not support a finding that the trial court abused its discretion by denying the motion to amend.  Therefore, the question of child support was not put in issue.

Accordingly, there is no reversible error.

<u>Affirmed.</u>