COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

HUY K. LE

v.      Record No. 1293-15-4

MAI T. NGO

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 15, 2016

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Daniel E. Ortiz, Judge

(Huy K. Le, on brief, *pro se*).

(Mai T. Ngo, on brief, *pro se*).

Huy K. Le (father) appeals an order in which the trial court awarded Mai T. Ngo (mother)

child support and established arrears. Father contends the trial court erred by granting mother child

support because the parties had agreed in their property settlement agreement that there would be no

child support obligation. Father further argues that the trial court erred by not considering Code

§ 20-108.1(B) and the deviating factors, specifically subsections 1, 5, 14, and 15, in determining the

amount of child support. Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

BACKGROUND

The parties have three children. On December 16, 2012, father and mother entered in a

property settlement agreement. The parties agreed to joint legal and physical custody of the

children. Father had "liberal access and extended visitation rights to the children." The property

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

settlement agreement included a clause stating that "[t]here will be no child support." On December 13, 2013, the trial court entered a final order of divorce, which affirmed, ratified, and incorporated, but did not merge, the property settlement agreement. The final order of divorce reiterated that there was no order of child support.

On April 30, 2015, mother filed a motion to modify child support. She alleged that father was not visiting the children as anticipated in the property settlement agreement and the children's expenses were "much higher" than when the parties entered into their agreement.

On July 22, 2015, the parties appeared *pro se* before the trial court. Both parties testified about their incomes. There was evidence presented that father had remarried, and his wife and her child lived in Kazakhstan. The children were not happy that he remarried. The father's relationship with the children deteriorated, and the children stopped visiting with him. As a result, mother bore additional expenses. After hearing the evidence and argument, the trial court found that there was a material change in circumstances, namely father's remarriage and its impact on the children. The trial court calculated child support pursuant to the guidelines and held that father's obligation was $1,701 per month from May 1, 2015 until October 1, 2015, when the oldest child became emancipated. Thereafter, father would pay $1,472 per month. The trial court further determined that father owed $5,103 in arrearages and ordered him to pay an additional $425 per month. The trial court entered the order on July 22, 2015 and waived the parties' endorsement pursuant to Rule 1:13. Father did not file any objections or post-trial motions.

## ANALYSIS

### *Child support*

Father argues that the trial court erred in ordering him to pay child support when the parties had agreed in their property settlement agreement that there would be no child support

- 2 -

obligations. He contends mother received additional marital property in exchange for a waiver

of child support. He also asserts that their property settlement agreement included a clause that

released each other from all future claims, including child support for the children.

However, father and mother could not waive child support in their property settlement

agreement.

> Both parents owe a duty of support to their minor children. Code § 20-61; Featherstone v. Brooks, 220 Va. 443, 448, 258 S.E.2d 513, 516 (1979). A divorce court retains continuing jurisdiction to change or modify its decree relating to the maintenance and support of minor children. Code § 20-108; Featherstone, 220 Va. at 446, 258 S.E.2d at 515. Consequently, parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support. Id.; Carter v. Carter, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975); Scott v. Scott, 12 Va. App. 1245, 1247, 408 S.E.2d 579, 581 (1991).

Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994).

This Court further explained that there are "three limitations upon the parties' right to

contract regarding child support." Shoup v. Shoup, 37 Va. App. 240, 250, 556 S.E.2d 783, 788

(2001) (en banc).

> First, the court must review the provisions of the agreement for their consistency with the best interests of the child or children whose welfare the agreement addresses. Second, the parties may not, by agreement, prevent the court from exercising its power to change, modify, or enforce its decree concerning the custody and maintenance of minor children. The third limitation, emanating from the first two, prohibits the parties from terminating by contract a parent's duty to support a child.

Id. at 250-51, 556 S.E.2d at 788 (internal citations omitted).

Even though the parties stated in their property settlement agreement that there was no

child support obligation, the trial court was not prohibited from subsequently reviewing child

support and ordering father to pay it. See Code § 20-108.

Therefore, contrary to father's arguments, the trial court had the right to consider whether there was a material change in circumstances and establish child support.

*Rule 5A:18*

Father argues that the trial court did not consider the deviation factors in Code § 20-108.1(B).  For example, he contends the trial court did not take into account that he was supporting his new wife and her child and that he purchased a new vehicle in order to take the children to and from their activities.  Furthermore, he notes that he paid the mortgage payments and improvements for the former marital residence and that the trial court did not consider the debts that he paid during the marriage.  He also argues that the trial court did not allow him to explain why the property settlement agreement included a waiver of child support.  However, father did not raise these arguments with the trial court.  He did not submit any objections to the final order, nor did he file any post-trial motions.

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).  Furthermore, "we will not consider a different ground of objection raised for the first time on appeal[.]" O'Dell v. Commonwealth, 234 Va. 672, 679, 364 S.E.2d 491, 495 (1988) (citing Rule 5:25, the Supreme Court's equivalent of this Court's Rule 5A:18).

Milam v. Milam, 65 Va. App. 439, 464-65, 778 S.E.2d 535, 547 (2015).

Accordingly, father's arguments were not preserved for appeal, and the Court will not consider them.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>