**Bristol**

LURTON BRAXTON LYLE, et al.

v.

MICHAEL DALLAS ESKRIDGE, JR.

No. 2219-91-3

Decided July 21, 1992

COUNSEL

Donald H. Askins, for appellant.

J. Martin Adkins (Adkins, Elkins & Hunnicutt on brief), for appellee.

OPINION

**MOON, J.**—Dr. Lurton Braxton Lyle and his wife seek reversal of the judgment of the Circuit Court of Dickenson County denying their petition to adopt an infant born to their unwed daughter on July 30, 1990, when their daughter was fifteen and the child's father, appellee, Michael Dallas Eskridge, Jr., was sixteen years of age. The teenage parents of the child do not have a continuing relationship. The natural mother signed a consent form for her parents to adopt the child. Michael refused to consent to the adoption. The trial court did not find that his failure to consent was contrary to the best interests of the child or that the adoption was in the best interests of the child. We affirm the trial court's ruling because it is supported by the evidence. We decline to hold that, as a matter of law, a different standard for judging the reasonableness of the withholding of consent applies when the withholding parent is a minor.

■ We will not set aside a trial court's adoption determination unless the judgment is plainly wrong or without evidence to support it. *Cf. Simmons v. Simmons*, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

■ The natural parents' consent to an adoption is required in all but four circumstances, one of which is if the natural parent's consent is withheld contrary to the best interests of the child. Code § 63.1-225(D). "To so prove, the evidence must establish that the person withholding consent is acting prejudicially to the child's interest." *Frye v. Spotte*, 4 Va. App. 530, 535-36, 359 S.E.2d 315, 319 (1987); *see also Robinette v. Keene*, 2 Va. App. 578, 588, 347 S.E.2d 156, 162 (1986).

> A simple finding that adoption would promote the child's interest or that the adoptive parent could better provide for the child does not alone support the conclusion that consent was withheld contrary to the best interests of the child. . . . Not only must the adoption be in the child's best interest, but a continuation of the relationship between the non-consenting parent and the child must be detrimental to the child's welfare. . . . If the relationship with the natural parent does not benefit the child, yet it is not shown to be detrimental, there is insufficient justification for granting an adoption over the objection of the natural parent.

*Frye*, 4 Va. App. at 536, 359 S.E.2d at 319 (citations omitted).

> An adoption over objection by a natural parent should not be granted except upon clear and convincing evidence that the adoption would be in a child's best interest and that it would be detrimental to continue the natural parent-child relationship.

*Id.* at 532, 359 S.E.2d at 317 (citation omitted).

■ To determine whether consent is being withheld contrary to the best interests of the child, where there is no showing that the non-consenting parent is unfit, the "party seeking adoption must produce clear and convincing evidence that a continuance of the parent-child relationship would be detrimental to the child's welfare." *Linkous v. Kingery*, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990). However, in order to permit the adoption, the unfit-

ness "must be to such an extent as to make the continuance of the parent-child relationship . . . detrimental to the child's welfare." *Doe v. Doe*, 222 Va. 736, 746, 284 S.E.2d 799, 805 (1981).[1]

Appellants contend that because Michael is still a juvenile, in school, and unable to meet his responsibilities as a parent, the court should have found, as a matter of law, that he is an unfit parent. They argue that the court did not have to decide if the continuing relationship was detrimental. The court, they argue, should have decided, as a matter of law, that Michael withheld his consent to the adoption contrary to the best interest of the child. They argue the trial court should have determined that the adoption would promote the best interest of the child.

■ There was a conflict in the testimony given by the expert witnesses. On appeal, we construe the evidence in the light most favorable to the appellee, the party prevailing below, granting to him all reasonable inferences fairly deducible therefrom. *Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

Michael has expressed an interest in helping raise the child. Before the adoption proceeding, he had not visited with the child because the Lyles prevented his visitation. When the adoption proceeding was instituted, he obtained an order allowing him visitation. He has indicated his willingness to work in order to maintain and support the child and his parents have offered to help maintain and support the child. However, the Lyles have rejected any offers of help. Nevertheless, the Lyles argue that Michael has not provided any support.

Michael is a high school student with plans to attend college to study forestry or wildlife management. He is of average intelligence and capable, after schooling, of living independently and supporting himself financially. Michael's parents are currently able to support him while he continues his education. Michael works on weekends and participates in three sports.

Although the Social Service Department for Dickenson County recommended the adoption, Joe Scardo, a social worker supervi-

---

[1] There may be situations where a parent may be deemed unfit and, yet, continuance of the relationship would not be detrimental to the child. *See Doe*, 222 Va. at 746, 284 S.E.2d at 805.

sor, testified that it would be in the child's best interest to have Michael involved in his life. Thus, the testimony of Scardo was sufficient for the trial judge to make a finding that the adoption was not in the best interest of the child. Furthermore, the trial judge could have considered the fact that Michael displayed an interest in the child and willingness to support the child but was incapable of doing so because the Lyles did not wish to have Michael visit the child and did everything they could to discourage his involvement with the child.

Since the determination by the trial judge was supported by the evidence, we cannot find that it was plainly wrong.

■ We reject appellants' contention that different standards should apply to teenage parents than those applicable to other parents when someone seeks to adopt the children of teenage parents. We believe that the standards already enumerated by Virginia courts are sufficient to cover the cases involving teenage parents. The age of the non-consenting parent is only one factor to be considered by the court in making its determination. The minority status of the non-consenting parent is not, as a matter of law, a factor that dictates adoption.

Holding that the trial court's judgment is not plainly wrong, we affirm the judgment.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.