COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia

JOSEPH A. SPAGNOLO, JR.

OPINION BY
v.  Record No. 2172-94-2          JUDGE JAMES W. BENTON, JR.
                                  AUGUST 29, 1995
SUSAN D'ALUISIO SPAGNOLO (MURPHY)


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Dana L. Gay (Duty, Duty & Gay, on brief),
for appellant.

Shirley L. Hennessy (Scott D. Landry; Shirley
L. Hennessy & Associates, P.C., on brief), for
appellee.


Joseph A. Spagnolo appeals from a final order accompanying the decree of divorce from his wife, Susan D'Aluisio Spagnolo Murphy.  He contends that the trial judge erred in (1) affirming, ratifying, and incorporating by reference the property settlement agreement into the final order; (2) ordering him to pay child support consistent with the statutory guidelines and inconsistent with the terms of the agreement; (3) finding that he had an outstanding contractual obligation for spousal support in the amount of $16,800; and (4) awarding attorney's fees to his wife.  We affirm the order in part, reverse in part, and remand for reconsideration.

I.

Following mediation and prior to the filing of the divorce suit, the parties entered into a property settlement agreement on January 20, 1993.  The agreement, which was drafted by an

independent mediator and was to be reviewed by the parties with their attorneys, sought to resolve all issues concerning property rights, spousal support, and support for a minor child.  The agreement required the husband to make the following child support payments:  (1) $200 per month until the earliest occurrence of three months after the child's graduation from high school or the child's nineteenth birthday; (2) one-half of the first $300 of any extraordinary expenses and seventy-five percent of extraordinary expenses that exceeded $300; (3) all the costs of health insurance for the child until the child reached age nineteen or graduated from college, whichever occurred later; and (4) tuition, room, board, books and other college expenses at a state supported college, reserving to the father the right to require the child to earn a reasonable portion of his college expenses.  The agreement also contained the following clause regarding child support:

RATIONALE FOR CHILD SUPPORT FIGURE

Husband and Wife agree that Husband's child support payment shall be $200 a month rather than the amount set forth in the child support guidelines because Husband has agreed to assume full responsibility for [the child's] college expenses and has agreed to pay for health insurance for [the child] until [the child] graduates from college.

The child was sixteen years of age when these divorce proceedings commenced.

Further sections of the agreement provided that (1) the husband would pay $2,800 per month spousal support; (2) each

- 2 -

party would pay his or her own attorney's fees, except that a defaulting party would be liable to pay reasonable expenses incurred by the other to enforce the agreement; (3) the agreement could not be modified by the parties, except by written instrument executed in the same manner as the agreement; and (4) the parties would request the judge "to affirm, ratify and incorporate by reference but not merge the provisions of this agreement and any qualified modification into any final decree of divorce."

The wife filed a bill of complaint for divorce on January 20, 1994, in which she requested that the agreement be affirmed, ratified, and incorporated into the final decree of divorce. The husband objected. The trial judge entered a decree of divorce on June 8, 1994, and reserved for later consideration matters of spousal support, child custody and support, equitable distribution, attorney's fees, and incorporation of the agreement. After hearing evidence ore tenus, the trial judge affirmed, ratified, and incorporated by reference the agreement into the final decree of divorce. The trial judge also determined, however, that "circumstances would justify application of the presumptive statutory guidelines" and ordered the husband to pay, contrary to the agreement, child support in the amount of $973.93 per month, which included a credit for health insurance paid by husband on the child's behalf. The trial judge also awarded the wife $16,800 in accrued spousal

support and $1,000 in attorney's fees.

"The language of Code § 20-109.1 gives the trial [judge] discretion in determining whether a property settlement agreement should be [affirmed, ratified, and] incorporated by reference into a final decree of divorce." Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986). Ordinarily, absent an abuse of discretion, the trial judge's decision will be upheld on appeal. Id. However, we have stated that "[w]here parties to a pending case enter into a definite, certain and unambiguous . . . settlement agreement, in the absence of good cause not to do so, the [trial judge] should [affirm, ratify, and] incorporate [by reference] the agreement in the judgment of the court and thereby terminate the litigation." Richardson v. Richardson, 10 Va. App. 391, 399, 392 S.E.2d 688, 692 (1990). In addition, Code § 20-109 provides that "in suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract."

During the divorce proceedings, the wife requested the trial judge to affirm, ratify, and incorporate by reference the agreement into the divorce decree. The trial judge asked: "Is

it [the wife's] position that, if this agreement is found to be enforceable, she is wanting, also, a departure from the child support guidelines and to have [the husband] responsible for the college education of the parties' minor son?"  The wife's counsel responded affirmatively.

At the conclusion of the evidence, the trial judge entered a final decree which recited "that the Agreement entered into between the parties dated January 20, 1993 is a valid enforceable contract, it is therefore ADJUDGED, ORDERED AND DECREED that the terms and provisions of the Agreement between the parties are hereby affirmed, ratified and incorporated herein as fully and as amply as if set forth herein verbatim."  Despite the language in the final decree incorporating all of the provisions of the agreement, the trial judge ordered in the final decree, contrary to the agreement, that the father pay an increased amount of monthly child support as follows:

> After consideration of all the factors under Sections 20-108.1 and 20-108.2 of the Code of Virginia, 1950, as amended, the court does hereby find that circumstances . . . would justify application of the presumptive guidelines set forth in Section 20-108.2 of the Code of Virginia, 1950, as amended. . . .
> Accordingly, it is hereby ORDERED that the defendant shall pay to the plaintiff the sum of NINE HUNDRED SEVENTY-THREE DOLLARS AND 93/100 ($973.93) per month for the support and maintenance of [the child], commencing on July 5, 1994 and payable on the fifth day of each month thereafter until said child shall reach the age of eighteen or, if the said child is still in high school at the time of reaching his eighteenth birthday, said support shall be payable until he shall reach the age of nineteen or graduate from high

school, whichever shall first occur.  It is further ORDERED that the defendant shall continue to maintain the minor child as a beneficiary on his health and dental insurance coverage through his employment.

We hold that the trial judge erred by affirming, ratifying, and incorporating in the final decree the child support provision of the agreement, which included the husband's obligation to pay college expenses and insurance for the child after the child's minority, when the trial judge at the same time also increased the monthly amount that the husband was required to pay as child support.  The agreement that the parties negotiated and executed expressly provided that the monthly amount of the child support was determined and fixed in consideration for the husband's agreement to pay the child's future college expenses and health insurance benefits beyond the child's minority.  Those support payments and obligations were mutually dependent and the balance struck between those arrangements was integral to the agreement that the parties reached regarding the child's support.

The trial judge gave no reason for failing to give effect to the part of the agreement that contained the rationale for the reduced child support.  Thus, the trial judge's decision, without explanation, effectively ordered the husband to abide by the portions of the agreement that the judge could not have otherwise ordered, i.e., to pay for the child's college expenses and post-minority health insurance.  It is beyond dispute that the husband's agreement to pay post-minority benefits for the child

could not have been lawfully ordered by the trial judge, except by enforcement of the parties' own validly negotiated agreement. See Code § 20-107.2. See also Eaton v. Eaton, 215 Va. 824, 827, 213 S.E.2d 789, 792 (1975); Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). When the trial judge severed the child support provision as if it was one of a series of separate and independent parts of the agreement, he both violated the parties' express agreement and adopted a remedy that exceeded the statutory limitation on his power. See Code § 20-107.2.

We have held that a trial judge is not required to accept or adopt an agreement made by parents regarding child support if the amount of child support is in dispute. Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 668 (1991). Implicitly, we recognized that nothing in Code § 20-109 encompasses matters of child support.

> [I]f the amount of child support is in dispute, in spite of a prior agreement, the trial court must address "the issue of determining child support." Code § 20-108.1. Consequently, it must do so in accord with Code §§ 20-108.1 and 20-108.2 and must, therefore, first determine the presumptive amount of child support in accordance with Code § 20-108.2.
>
> Once the presumptive amount is determined, the trial court may deviate from the presumptive amount if such deviation is justified by factors recognized in Code §§ 20-108.1 and 20-107.2. These factors may be reflected in provisions in the separation agreement which may, therefore, be the basis for deviating from the guidelines.

Id. at 695-96, 404 S.E.2d at 668.

When the trial judge was faced with the dispute in this case concerning child support, the trial judge ruled that the presumptive statutory amount of child support should be awarded. In so deciding, the trial judge implicitly declined to follow the agreement that the parties reached regarding child support. However, the final decree affirmed, ratified, and incorporated by reference the entirety of the parties' agreement, which included the provision regarding child support. Those actions were inconsistent and erroneous.

If a property settlement agreement contains the parties' agreement regarding child support and the trial judge determines to exercise his or her statutory authority to set child support, the trial judge may ratify, affirm, and incorporate the agreement, except for the provisions concerning child support, if that result is consistent with the terms of the agreement. See Code §§ 20-109 and 20-109.1. See also Watkinson v. Henley, 13 Va. App. 151, 159, 409 S.E.2d 470, 474 (1991); Scott v. Scott, 12 Va. App. 1245, 1248, 408 S.E.2d 579, 581 (1991). If the trial judge had not affirmed, ratified, and incorporated by reference the child support provision of the agreement in this case, the husband would have retained the right to assert his defenses to the obligations to pay the child's college expenses and the health benefits beyond age eighteen. He could have asserted those defenses whenever the wife or child may have brought a separate suit to enforce those obligations. See Buchanan v.

<u>Buchanan</u>, 174 Va. 255, 273, 6 S.E.2d 612, 619 (1940) (a suit for specific performance may be brought to enforce child support obligations contained in a property settlement agreement).  <u>See also</u> <u>Chattin v. Chattin</u>, 245 Va. 302, 307, 427 S.E.2d 347, 350 (1993) (As a defense to a suit for specific performance, a party may plead "enforcement would be inequitable[,] . . . fraud, misapprehension, or mistake"); <u>Andrews v. Sams</u>, 233 Va. 55, 59, 353 S.E.2d 735, 738 (1987) (a substantial failure of consideration could give rise to a contract defense); <u>Wells v. Weston</u>, 229 Va. 72, 77-78, 326 S.E.2d 672, 675-76 (1985) (In a suit for specific performance of a property settlement agreement, the parties to the contract may assert defenses of fraud and voidness for lack of mutuality).  In light of the alternative available to the trial judge and the clear intent of the parties, the trial judge's decision to affirm, ratify, and incorporate by reference a portion of the child support provision of the agreement was plainly wrong.

The trial judge's own findings reflect his concerns about the agreement.  In view of his express reservation regarding the agreement, the decision to incorporate by reference a portion of the child support provisions of the agreement was unreasonable and an abuse of discretion.  <u>See</u> <u>Conway v. Conway</u>, 10 Va. App. 653, 659, 395 S.E.2d 464, 467 (1990).[1]  Where, as in this case,

_____
[1]Although the final decree is silent as to the effect of affirming, ratifying, and incorporating this particular agreement, we note that the precise language of the parties' agreement states that "[t]he parties agree to file this agreement with the

the parties negotiate benefits for the child that exceed the benefits a trial judge may statutorily award and expressly state that the benefits are conferred in consideration for a reduction in the monthly support payment, if the trial judge decides to disregard the agreement and proceed under the judge's statutory authority to make an award for child support, the child support provision of the agreement may not be incorporated by reference into the final decree.  The trial judge is required to follow the agreement or the statutes, but not both.

## III.

The trial judge made no findings concerning the need to disregard the parties' agreement regarding child support.  No evidence proved that the child's current circumstances were such that he needed greater support than provided in the agreement or

pleadings in the case and request the court, pursuant to Section 20-109.1 of the Code of Virginia, 1950, as amended, to affirm, ratify and incorporate by reference but not merge the provisions of this agreement and any qualified modification into any final decree of divorce which may be entered by the court."

Code § 20-109 prohibits the trial judge from entering a decree in a divorce suit except in accordance with a property settlement agreement signed by the parties.  Since the agreement provides that if it is affirmed, ratified, and incorporated in the final decree it shall not be merged in the final decree, the final order must be read to give effect to that agreement.  "'Where the circumstances are such that the agreement, although incorporated or approved in the decree, is not merged therein, the parties may enforce it by suing on the agreement rather than on the judgment.'"  Doherty v. Doherty, 9 Va. App. 97, 99-100, 383 S.E.2d 759, 760 (1989) (quoting 24 Am. Jur. 2d Divorce and Separation § 858 (1983)).  See also McNelis v. Bruce, 367 P.2d 625, 631-32 (Ariz. 1961) (property settlement agreement which provided that the agreement be incorporated by reference but not be merged in the decree did not merge in the final decree).

that the child's current circumstances outweighed the advantages

of the future benefits that were available to the child under the

agreement.  In Watkinson, this Court held as follows:

> We hold that where parents have agreed upon an amount, or agreed upon other provisions, for the support and maintenance of a child, the trial [judge] must consider the provisions of the agreement, that relate to the factors in Code §§ 20-107.2 and 20-108.1, in deciding whether the presumptive amount would be unjust or inappropriate in a particular case.  In so doing, the trial [judge] must consider whether the agreed provisions for the child would better serve the interest or "equities" for the parents and children.  Code § 20-107.2(2)(h).  The best interest of the child or children is the paramount and guiding principle in setting child support, whether it be adopting the presumptive amount, calculating an alternate sum after the presumptive amount has been rebutted, ordering the amount agreed upon between the parents, or approving, ratifying and incorporating, in whole or in part, the child support provisions of a contract. Furthermore, we hold that if the trial [judge] finds that the presumptive amount is unjust or inappropriate because the provisions in a separation agreement serve the best interest of the child, the [judge] may vary from the guidelines by ordering support be paid in an amount equal to the benefits provided for in the contract. Alternately, the [judge] may, rather than judicially set support, elect to affirm, ratify and incorporate by reference the agreement between the parties, or any provisions thereof, concerning the maintenance and support of the minor children, or establish or impose any other condition or consideration, monetary or nonmonetary.

13 Va. App. at 158-59, 409 S.E.2d at 474 (citations omitted).

The record contains no indication that the trial judge

- 12 -

addressed the entire package of benefits in the agreement available to the child or compared the two situations to decide which was in the best interest of the child. As this Court observed in discussing this precise issue:

> [T]he greater amount of periodic support will [not] necessarily be in the child's best interest. For example, the agreement may provide for a lesser amount of support than presumptively payable under Code § 20-107.2, but the contract may provide for support beyond the age of the child's majority or contain provisions for education which would render the agreement more beneficial to the children. Under these circumstances, the trial [judge] may well be justified in approving, ratifying, affirming and incorporating the contract and child support provision without entering an order for the presumptive amount under Code § 20-108.2 as long as written reasons are given for the deviation.

Scott, 12 Va. App. at 1250, 408 S.E.2d at 582. Accordingly, we reverse the decision and remand for reconsideration.

IV.

The record supports the trial judge's order that the husband pay to the wife $16,800 to satisfy an outstanding spousal support obligation. The evidence proved that this amount represented the husband's unpaid obligation under the agreement. The parties' agreement imposed on husband the obligation to pay wife $2,800 per month in spousal support. Because the evidence proved that the husband failed to make these payments from January through June 1994, the trial judge's order regarding spousal support was not plainly wrong or without evidence to support it. Lyle v.

- 13 -

Eskridge, 14 Va. App. 874, 876, 419 S.E.2d 863, 864 (1992).

V.

"An award of attorney fees is a matter submitted to the trial [judge's] sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)).  In pertinent part, provision eight of the agreement states:

> Husband and Wife shall each pay his or her own attorney's fees incurred in the review of this agreement and for any suit for divorce that may be filed between them.  The parties further agree that in the event either party defaults under the provisions of this agreement, the defaulting party shall be liable for all reasonable expenses incurred by the non-defaulting party in connection with the enforcement of this agreement, including but not limited to legal fees and costs.

(Emphasis added).  "[T]aking into account what the [trial judge] believe[d] to be the portion of that fee that is properly related to two hearings," the trial judge ordered husband to pay to the wife $1,000 for her attorney's fees.  This award was not unreasonable.  The evidence established that the husband failed to make the spousal support payments pursuant to the schedule stated in the agreement.  When the wife sought payment, the husband attempted to invalidate the agreement on the ground of unconscionability.  Moreover, the trial judge heard evidence concerning the amount of fees the wife would have expended had the agreement not been contested.  Therefore, we hold that the

$1,000 attorney fee award at which the trial judge arrived was not an abuse of discretion under the circumstances.

For the foregoing reasons, we affirm, in part, and reverse, in part, the final order accompanying the decree of divorce, and we remand for proceedings consistent with our holding.

<u>Affirmed, in part, reversed, in part, and remanded</u>.

Elder, J., concurring in part, dissenting in part.

I concur in Sections IV and V of the majority opinion regarding outstanding spousal support and attorney fees. However, I believe that the trial court did not abuse its discretion by incorporating the entire property settlement into the final order; for this reason, I respectfully dissent from Sections II and III of the majority opinion.

The majority fails to give proper deference to the familiar principle of appellate review, which dictates that "we review the evidence in the light most favorable to . . . the prevailing party below. . . .  The judgment of a trial court sitting in equity, when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988) (citations omitted).  "The language of Code § 20-109.1 gives the trial court discretion in determining whether a property settlement agreement should be incorporated by reference into a final decree of divorce.  Absent an abuse of discretion, the trial court's decision must be upheld on appeal."
 Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986).

As an initial matter, I address husband's contention that the agreement was unenforceable due to its oral modification, changed circumstances, or unconscionability.  I conclude that the trial court did not err in finding that the agreement was

- 16 -

enforceable.  The applicable law states:

> "[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980) (citation omitted); Derby v. Derby, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989).  Therefore, in this case, [husband] "had the burden at trial to prove by clear and convincing evidence the grounds alleged to void or rescind the agreement."  Drewry v. Drewry, 8 Va. App. 460, 463, 383 S.E.2d 12, 12 (1989).

Webb v. Webb, 16 Va. App. 486, 491, 431 S.E.2d 55, 59 (1993).

According to the agreement's terms, neither party could modify the agreement unless in writing, even in the event of changed circumstances.  In this case, there was no written modification.  Additionally, there is no evidence to support husband's allegation that the agreement was unconscionable. Instead, ample evidence supports the trial court's finding that the agreement was fair and equitable at the time it was entered into by the parties.  Finally, husband did not allege any of the other grounds necessary for a recision or modification of the agreement.[2]

Next, addressing the central issue in this case, I would hold that the trial court did not err in incorporating every provision of the agreement, even after ordering husband to pay child support pursuant to the presumptive statutory guidelines.

---

[2]See Derby, 8 Va. App. at 26, 378 S.E.2d at 77 (examining agreement for unconscionability, fraud, or duress); Frey v. Frey, 14 Va. App. 270, 273, 416 S.E.2d 40, 42 (1992) (examining agreement for potential ambiguity).

I commence this "analysis with the general principle that the jurisdiction of a divorce court to provide for child support is statutory. Code § 20-107.2. . . . Divorcing parents cannot by agreement divest a divorce court of its jurisdiction to award child support." Scott v. Scott, 12 Va. App. 1245, 1247, 408 S.E.2d 579, 581 (1991).

> [W]here parents have agreed upon an amount . . . for the support and maintenance of a child, the trial court must consider the provisions of the agreement, that relate to the factors in Code §§ 20-107.2 and 20-108.1, in deciding whether the presumptive amount would be unjust or inappropriate in a particular case. In so doing, the trial court must consider whether the agreed provisions for the child would better serve the interest or "equities" for the parents and children. Code § 20-107.2(2)(h).

Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 474 (1991). See also Scott, 12 Va. App. at 1248, 408 S.E.2d at 581.

In this case, the trial court followed Scott's principles. The trial court (1) determined the presumptive amount of child support in accordance with the terms of Code § 20-108.2; and (2) decided not to deviate from the presumptive amount in light of the pertinent facts and circumstances.[3] Contrary to the majority's assertion, the record does contain an indication that the trial court compared the package of benefits the minor child would receive under the agreement with what he would receive

_____

[3]The trial court specifically stated in its order that it considered "all of the factors under Sections 20-108.1 and 20-108.2" and found that "circumstances would justify application of the presumptive guidelines set forth in Section 20-108.2 . . . ."

under the statutory guidelines.  The trial court heard evidence regarding changes in the parties' financial circumstances after the agreement's execution and their <u>current</u> respective abilities to provide for the minor child's <u>current</u> needs.  First, evidence showed that husband had discontinued his monthly spousal support payments to wife in January 1994, which significantly decreased her ability to support the minor child.  See <u>Turner v. Turner</u>, 213 Va. 42, 43, 189 S.E.2d 361, 363 (1972) (discussing the legal duty of a spouse to support children according to "the station in life to which he has accustomed them").  Second, husband had been relieved of his obligation to pay for one-half of the mortgage on the marital home, which represented a savings of approximately $700 per month.  Third, husband's salary had increased to approximately $117,000 per year, a greater income than when he entered into the agreement.  Furthermore, while husband was ordered to pay $773.93 more per month in child support than the agreement stated, this obligation presumably would have lasted for only twenty-four months.[4]  Under the facts of this case, it was within the trial court's discretion to decline to eliminate the college and insurance provisions.

Considering all of these factors, among others, the trial

---

[4]The minor child was born on May 3, 1978, and will turn eighteen on May 3, 1996.  The child will presumably graduate from high school in June 1996, one month after his eighteenth birthday.  Thus, the court's order obligated husband to pay $773.93 more per month from July 5, 1994 until approximately June 1996, for a total of twenty-four months.

court arrived at a support amount that satisfied the child's current needs and that was in the child's best interests--considerations that the presumptive statutory guidelines are meant to reflect.  See Williams v. Williams, 4 Va. App. 19, 25, 354 S.E.2d 64, 67 (1987); Lee v. Lee, 3 Va. App. 631, 634, 352 S.E.2d 534, 535-36 (1987).  This support amount was not plainly wrong.

As the majority recognizes, a trial court may incorporate, "in whole or in part, the child support provisions of a contract," and it may incorporate "any provisions thereof." Watkinson, 13 Va. App. at 158-59, 409 S.E.2d at 474 (emphasis added).  I believe that in this case, Section 2 of the agreement contained five provisions (sub-A through E), each one outlining a distinct element of the child support package (such as monthly payments, health insurance, and college expenses).  See id. at 159, 409 S.E.2d at 474 (stating that trial courts may incorporate an agreement or "provide specific support provisions, such as educational, insurance, and health care benefits . . . .") (emphasis added).  Because the trial court had authority to incorporate any or all of the provisions of the agreement, it was not obliged to strike all of Section 2 merely because it did not follow provision sub-A (monthly support payments), nor was it error to have declined to view provision sub-A and provisions sub-C and D as mutually dependent.[5]  Therefore, I do not agree

_____

[5]If husband wished for the insurance and college tuition provisions (sub-C and D) to be invalidated if and when he was

- 20 -

with the majority that the trial court adopted a remedy that exceeded its statutory authority, nor do I agree that the trial court "was required to follow the agreement or the statutes, but not both."

For the foregoing reasons I concur in part and dissent in part.

---

ordered to pay a greater amount of monthly child support, the agreement itself should have been drafted to specifically provide for this scenario.