COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


DIANE M. DAVIS

MEMORANDUM OPINION* BY
v.        Record No. 2770-03-4        JUDGE ELIZABETH A. McCLANAHAN
AUGUST 10, 2004
JOHN E. DAVIS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Kevin E. Smith (Smith & Greene, P.L.L.C., on brief),
for appellant.

Peter M. Fitzner (Matthews, Snider, Norton & Fitzner, on brief),
for appellee.


Diane M. Davis appeals from a trial court's decisions regarding child support and

attorney's fees in a proceeding for divorce filed by John E. Davis.  Wife contends that the trial

court erred in (1) failing to rule that she rebutted the presumption that the child support award

calculated pursuant to the statutory guidelines was correct; (2) finding that a material change of

circumstances had occurred with regard to modifying the child support award; (3) finding that

she breached the parties' custody, support and property settlement agreement and, thus, awarding

attorney's fees to husband; and (4) awarding attorney's fees to husband when the custody,

support and property settlement agreement stated that each party would be responsible for his or

her own legal fees.  Husband requests this Court to award him attorney's fees on appeal.  For the

reasons that follow, we affirm the trial court and remand for determination of husband's

reasonable attorney's fees incurred on appeal.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Background

When reviewing a chancellor's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting him the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial."  Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

The parties were married in 1989.  Three children were born of the marriage.  In 2001, after more than eleven years of marriage, the parties separated.  They agreed to mediate their dispute and "enter[ed] into a comprehensive and final settlement of all . . . legal matters."  They executed in June 2001 a custody, support and property settlement agreement (agreement).

The agreement provided for, *inter alia*, parenting and custody arrangements, child support, spousal support, and property division.  The agreement also stated:  that the child support provisions could be modified and recalculated "based on a substantial change in circumstances;" that if either party breached the agreement, a court could award costs and attorney's fees to the prevailing party; and that the parties would request that the agreement be incorporated into any final decree of divorce.

In July 2002, husband filed a bill of complaint for divorce on the grounds that the parties lived separate and apart for more than one year.  In his pleadings, he requested that the court affirm, ratify and incorporate the agreement into the final decree. Wife alleged in her answer that she entered the agreement under duress and without the advice of counsel and that the agreement, therefore, was unconscionable and unenforceable.

In March 2003, husband filed a motion asking the court to affirm, ratify and incorporate the parties' agreement pursuant to Code § 20-109.1,[1] except for the provisions on child support. Husband stated in the motion that wife had not exercised physical custody of the children for forty percent of the time, as was contemplated by the parties in their agreement and used as a basis for calculating husband's child support obligation. Husband's motion also requested an award of attorney's fees.

At the July 2, 2003 hearing on husband's motion, wife withdrew her objection to the incorporation of the agreement, and the hearing proceeded on husband's motion with regard to child support and attorney's fees. The trial court calculated each party's custody share, and determined the presumptive amount of husband's child support obligation pursuant to the guidelines for shared custody in Code §§ 20-108.1 and 20-108.2. The court also awarded husband attorney's fees from wife because it found she breached the agreement by objecting to its incorporation into the final decree. The court noted that wife did not have the ability to pay the entire amount of attorney's fees incurred, so it awarded a nominal amount, $300, payable within thirty days of the hearing. Wife appealed.

## II. Analysis

"Under Code § 8.01-680, a factual determination cannot be reversed on appeal unless 'plainly wrong or without evidence to support it.'" Congdon, 40 Va. App. at 261, 578 S.E.2d at 836 (citation omitted); Torian v. Torian, 38 Va. App. 167, 181, 562 S.E.2d 355, 362 (2002). This standard applies to a trial court's decisions regarding, among other matters, divorce, Hughes v. Hughes, 33 Va. App. 141, 145-46, 531 S.E.2d 645, 647 (2000), child support, Joynes v. Payne, 36 Va. App. 401, 424-25, 551 S.E.2d 10, 21 (2001), and attorney's fees, Northcutt v.

---

[1] Code § 20-109.1 provides, "Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board . . . any valid agreement between the parties, or provisions thereof . . . ."

Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002).  Under this standard, we do not "retry the facts or substitute our view of the facts for those of the trial court."  Congdon, 40 Va. App. at 266, 578 S.E.2d at 838 (citation omitted).

Wife argues that the chancellor erred by failing to rule that she rebutted the presumption that the child support award calculated pursuant to the statutory guidelines was correct.  She states that the court was required to consider the agreement of the parties, which provided that she would have custody of the children forty percent of the time.  Wife further contends that because the evidence showed that she abided by the agreement's custody schedule, the court should not have recalculated her custody share and applied the child support guidelines. "'Decisions concerning child support rest within the sound discretion of the trial court and will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.'"  Rinaldi v. Dumsick, 32 Va. App. 330, 334, 528 S.E.2d 134, 136 (2000) (quoting Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993)).

As stated above, Code § 20-109.1 provides that a trial court has authority to incorporate a separation agreement into its decree.  The incorporation may include the agreement's provision for child support.  Id.  However, the trial court is not required to incorporate all the provisions of the agreement.  In fact, "if the amount of child support is in dispute, in spite of a prior agreement, the trial court must address 'the issue of determining child support.'"  Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 668 (1991) (quoting Code § 20-108.1); Spagnolo v. Spagnolo, 20 Va. App. 736, 744, 460 S.E.2d 616, 619-20 (1995).  In order to address the issue of child support, the court must first determine the presumptive amount in accordance with Code §§ 20-108.1 and 20-108.2.  Alexander, 12 Va. App. at 695, 406 S.E.2d at 668.  Code § 20-108.1(B) provides that a child support award

> shall be rendered upon the evidence relevant to each individual
> case.  However, there shall be a rebuttable presumption . . . that the

- 4 -

amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded.

Once the trial court calculates the presumptive amount of support under the guidelines, it then determines whether deviation is required or warranted. Princiotto v. Gorrell, 42 Va. App. 253, 259, 590 S.E.2d 626, 629 (2004) (citation omitted).

To justify deviation from the guidelines, the court may take into consideration any relevant evidence pertaining to the factors enumerated in Code § 20-108.1(B). As wife argues, one of those factors is a "written agreement between the parties which includes the amount of child support." Code § 20-108.1(B)(16). However, in this case, after hearing all the evidence, the court disregarded the agreement's child support provisions because it found there had been a change in the amount of the parties' incomes and number of days each party exercised physical custody of the children since the agreement had been signed. The trial court then calculated the actual number of days each party exercised physical custody of the children and each party's current income. The court applied the income and custody share determinations in calculating the presumptive child support award based on the guidelines. Wife provided no other relevant evidence pertaining to the factors enumerated in Code § 20-108.1(B) to justify deviation from the guidelines.

The evidence supports the trial judge's ruling. Wife's challenges to the amount of child support are not sufficient to rebut the court's application of the statutory guidelines. Code § 20-108.1. Therefore we hold that the trial court did not abuse its discretion in awarding child support pursuant to the statutory guidelines.

Wife next argues that the trial court erred in finding that a material change of circumstances had occurred with regard to modifying the child support award. The parties' agreement provides that child support may be modified upon a change in circumstances. The

trial court ruled that a change in circumstances with regard to income and custody share had occurred since the parties entered into the agreement. That finding is a factual determination, which "cannot be reversed on appeal unless 'plainly wrong or without evidence to support it.'" Congdon, 40 Va. App. at 261, 578 S.E.2d at 836 (citation omitted). The evidence supports the trial court's ruling, and the ruling is not plainly wrong.

We address wife's remaining questions on attorney's fees together. We find no merit in wife's challenge to the chancellor's award of attorney's fees to husband. Whether to award attorney's fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt, 39 Va. App. at 199-200, 571 S.E.2d at 916 (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (internal quotation marks omitted)).

We find this decision well within the trial court's discretion for two reasons. First, the parties' agreement provides that either party may request attorney's fees if a breach of the agreement is taken before any court. Husband alleged, and the court agreed, that wife breached the parties' agreement by filing a pleading that objected to its incorporation into the final decree. The pertinent provisions of the agreement state,

> This agreement shall be submitted to the court in any divorce action which may be brought by either party. The parties agree to request the court in such action to affirm, ratify and incorporate this agreement by reference in any final decree of divorce which may be obtained in any such action. . . .

And,

> If a breach of this agreement is alleged by either party and the matter is taken before a court, the court shall have the discretion upon a proper request to require the party who does not prevail to reimburse the other party for his or her counsel fees and incidental costs.

Therefore, by the very terms of the parties' agreement, the court did not abuse its discretion in: (1) finding that wife had breached the agreement by objecting to its incorporation into the final decree; or (2) by awarding husband attorney's fees because wife did not prevail in that undertaking.

Second, while the agreement provides that each party is responsible for his or her costs of mediation and representation, that provision does not preclude a party from requesting attorney's fees in case of a breach, which is specifically provided for in paragraph 14b of the agreement. The court found that wife's objection to incorporation of the agreement caused husband to incur unnecessary legal fees. The evidence supports the chancellor's finding, and, therefore, the award of attorney's fees was not an abuse of discretion.

Finally, we turn to the question of attorney's fees on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal.

## III. Conclusion

In sum, the trial court did not abuse its discretion by determining the amount of child support in accordance with the statutory guidelines. The chancellor acted within her discretion and pursuant to the parties' agreement by awarding attorney's fees to husband for wife's breach

of the agreement.  We remand to the trial court for determination of husband's reasonable attorney's fees incurred on appeal.

<u>Affirmed and remanded.</u>

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk