COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia

UNPUBLISHED

JESSICA LYNN KUMAR

v.      Record No. 0121-16-4

SANJEEV KUMAR

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
NOVEMBER 8, 2016

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

Spencer S. Beckman (Elizabeth M. Ross; Beckman Schmalzle
Georgelas & Ross PLC, on briefs), for appellant.

Warren R. Stein (Warren R. Stein, P.C., on brief), for appellee.


Jessica Lynn Kumar ("wife") appeals a final decree of divorce that incorporated, in part, a

Separation and Property Settlement Agreement ("the PSA") entered into by wife and Sanjeev

Kumar ("husband").  Finding no error, we affirm.

BACKGROUND

The parties married in 1995 and had five children together before they separated in 2012.

On October 16, 2012, the parties entered into the PSA, which provided that wife would have

primary physical custody of all five children and that husband would pay wife $500 per child per

month for child support beginning November 5, 2012.  Wife alleges that husband did not pay the

child support pursuant to the agreement, but concedes that husband paid the rent and utilities for the

marital home where wife and the children were living.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On January 28, 2013 husband filed a complaint for divorce. He did not seek to incorporate the PSA. In March 2013 wife filed a counterclaim for divorce and a motion for *pendente lite* relief. In wife's counterclaim, she asked the court to rescind the PSA either on the basis of fraud or unconscionability and to deem it unenforceable, or in the alternative, to refuse to affirm, ratify, and incorporate it. Wife also sought *pendente lite* child and spousal support.

The parties reached a partial agreement in April 2013, and the court entered a *pendente lite* consent decree that ordered husband to continue to pay the rent and utilities for the marital home. Following a hearing in May on the remaining *pendente lite* issues of custody and visitation, the court granted wife temporary physical custody of the children and established a visitation schedule for husband. The order also provided that husband's obligation to pay rent and utilities pursuant to the earlier *pendente lite* agreement would continue. Neither order addressed the provisions of the PSA.

In May 2014, husband filed an amended complaint for divorce that sought to ratify, affirm, and incorporate the PSA into the final decree. At the final hearing on August 27, 2015, wife did not proceed on her counterclaim, but instead asked the court to incorporate the PSA into the final decree. She also sought an award of retroactive child support dating back to October 16, 2012, when the parties entered into the PSA.

At the conclusion of the hearing, the court granted the parties a divorce based on a one-year separation and affirmed, ratified, and incorporated the PSA into the final decree, with one modification. The court declined to incorporate the provision of the PSA that imposed child support liability on husband prior to the date of entry of the final order of divorce. The court based its decision on the fact that "the *pendente lite* order dated April 5, 2013, was entered and complied with" and "[t]he order required significant financial expenditure by [husband] to the benefit of [wife] and the children." The court held that

it would be inequitable to provide for the potential enforcement of any retroactive liability for child support under the parties' agreement via the Court's powers of contempt, which would result from incorporating any provision of the Property Settlement Agreement that confers child support liability upon [husband] for any period prior to the date of entry of the Final Order of Divorce.

The court also rejected wife's argument that Code § 20-108.1 controlled because it ruled that the hearing on August 27, 2015 was "not a 'proceeding on the issue of determining child support.'"

Wife's subsequent motion to reconsider was denied by the court. This appeal followed.

## ASSIGNMENTS OF ERROR

Wife asserts the following assignments of error:

1. The Circuit Court erred by failing to incorporate a portion of the parties' Separation and Property Settlement Agreement because 1) the Court did not specifically state which provisions the Court elected to incorporate and 2) the Circuit Court effectively rewrote the parties['] agreement to change the commencement date for child support payments due to Jessica Lynn Kumar.

2. The Circuit Court erred in failing to find any arrearages and retroactivity for child support payments owed by Sanjeev Kumar, because the court determined that child support arrearages were zero in contradiction of the parties' Separation and Property Settlement Agreement which set forth a child support amount and commencement date.

3. The Circuit Court erred in its determination that the August 27, [2015] hearing was not a hearing to determine child support because the hearing was a final hearing on divorce where Sanjeev Kumar requested incorporation of the parties Separation and Property Settlement Agreement ("PSA"). The PSA specifically addressed child support, so by the Court's actions incorporating the PSA it made a finding determining child support.

## ANALYSIS

### A. Standard of Review

Wife contends that we must apply a *de novo* standard of review because the assignments of error relate to the trial court's interpretation of the PSA. See Virostko v. Virostko, 59 Va. App. 816,

823, 722 S.E.2d 678, 682 (2012).  However, in this case, the trial court was not interpreting the meaning of any provisions of the PSA; rather, it was determining whether the PSA should be incorporated into the final decree in whole or in part.

The decision whether to incorporate a PSA into a final decree involves the trial court's exercise of its discretion.  In Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989) (emphasis added), we stated that "[t]he circuit judge must exercise discretion and is not required in all instances to incorporate the agreement by reference into its decree.  The circuit judge may incorporate all, none *or selected provisions* of the agreement."  Specifically, we have held that "[t]he language of Code § 20-109.1 gives the trial court discretion in determining whether a [PSA] should be incorporated by reference into a final decree of divorce.  Absent an abuse of discretion, the trial court's decision must be upheld on appeal."  Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986).  We therefore review the trial court's ruling under an abuse of discretion standard.

### B.  Assignments of Error 1 and 2

Wife's first two assignments of error relate to the fact that the trial court declined to incorporate the PSA in its entirety and therefore did not establish a support arrearage.  Wife argues that the court failed to specify which provisions of the PSA it elected to incorporate into the final decree and the ruling was therefore "vague" and erroneous.

The PSA provided that father would pay a defined amount, $500 per month, on the fifth day of every month, for each child under the age of 18 who resided with the mother.  The PSA further established an effective date of November 5, 2012 for father to begin making payments.  In its ruling, the court incorporated all of the provisions of the PSA with the exception of the commencement date of November 5, 2012.  The court held that the child support obligation would begin on December 30, 2015, the date the final decree of divorce was entered.  The other provisions

of the PSA, including the amount of support, beneficiaries of support, and duration of time of support were incorporated as written in the PSA.

Code § 20-109.1 provides that "[a]ny court may affirm, ratify and incorporate by reference in its decree . . . of divorce . . . any valid agreement between the parties, *or provisions thereof*, concerning the conditions of the maintenance of the parties . . . and maintenance of their minor children." (Emphasis added). We have upheld a court's failure to incorporate a PSA in its entirety into a final decree of divorce when the court provided an appropriate justification for its decision. Doering v. Doering, 54 Va. App. 162, 170, 676 S.E.2d 353, 357 (2009) (holding that the trial court did not err in failing to incorporate the PSA because the court "gave a reasonable explanation for not incorporating the parties' PSA . . . based on the current financial position of husband and the wife's potential 'weekly' need for the contempt power of the court to enforce the agreement"). Here, the court explained that it would be inequitable to make the effective date of the obligation the date listed in the PSA, November 5, 2012, because husband had been making "significant financial expenditure[s]" under the *pendente lite* order that had benefitted wife and the children. The court did not change any of the substantive provisions of the PSA that provided the monthly amount of support or the conditions under which it would be paid.

Wife relies on Spagnolo v. Spagnolo, 20 Va. App. 736, 460 S.E.2d 616 (1995), to support her argument that the court impermissibly modified the PSA. Her reliance is misplaced. In Spagnolo, the court incorporated the provision of the parties' agreement that required the father to continue to pay child support after the children reached the age of majority, but it rejected the provision of the agreement that allowed the father to make reduced child support payments. Id. at 742-43, 460 S.E.2d at 619. In reversing the ruling, we noted that "the trial judge's decision, without explanation, effectively ordered the husband to abide by the portions of the agreement that the judge could not have otherwise ordered, *i.e.*, to pay for the child's college expenses and post-minority

health insurance." Id. at 743, 460 S.E.2d at 619. Spagnolo addressed a situation where the parties contracted for benefits that exceeded the benefits a trial court could statutorily award. However, in the present case, not only did the judge provide an explanation for his failure to incorporate the provision of the PSA that called for the obligation to have begun three years earlier, he also did not exceed his statutory authority by changing the date that the obligation would commence. Accordingly, we find that the court did not abuse its discretion by incorporating the PSA with the exception of the date father was to begin paying child support in the final decree.

Wife notes that because the child support obligation was effective on the date the final decree was entered, she had no legal mechanism through which she could seek to enforce husband's payment of child support dating back to when the agreement was initially signed. Wife contends that the court's actions impermissibly abrogated her ability to obtain payment for child support arrearages that would have existed if the court incorporated the agreement in its entirety. However, "[t]he extent to which and method by which an agreement for child support is enforceable will depend upon the action taken by the divorce court pursuant to Code § 20-109.1." Scott v. Scott, 12 Va. App. 1245, 1248, 408 S.E.2d 579, 581 (1991). The court's order incorporated the PSA, including the child support obligation, on the date the final decree was entered. Where an agreement has not yet been incorporated in a final decree, the agreement does not "have the full force and effect of a court's decree and [is] not enforceable by the court's contempt powers." Id. In the context of the pending divorce action, the court could not order husband to pay child support prior to the date the agreement was incorporated in the final decree. Therefore, the court had no authority to exercise its contempt powers to require payment of arrearages.

C. Assignment of Error 3

Wife contends that the court erred by holding that the proceeding of August 27, 2015 was "not a 'proceeding on the issue of determining child support.'" She asserts that because the court's

- 6 -

ruling incorporated a PSA that addressed child support, Code § 20-108.1 requires that the court award child support retroactive to the date the pleading requesting child support was filed.

The matter before the court on August 27, 2015 was a proceeding on a) the grounds for divorce, b) affirmation, ratification, and incorporation of a PSA, c) determination of arrearages, if any, for child support, and d) a motion for sanctions. There was no request by either party for a determination of child support pursuant to Code § 20-108.1. If that matter was before the court, it would have been required to consider statutory factors, including but not limited to each parent's monthly income, related child care costs, and related insurance costs. Further, the court would have been required to calculate child support guidelines and justify any deviation from those guidelines. See Richardson v. Richardson, 12 Va. App. 18, 21-22, 401 S.E.2d 894, 896 (1991). Neither party presented evidence to establish the relevant statutory factors necessary to calculate the guidelines.

In fact, the parties had entered into a contract, the PSA, that addressed child support. The parties had agreed on the amount and duration of child support. The only matter before the court was whether to affirm, ratify, and incorporate the PSA into the final decree. The trial court was not required to proceed under the provisions of Code § 20-108.1 and conduct a full child support hearing in this case. See Moreno v. Moreno, 24 Va. App. 227, 231-34, 481 S.E.2d 482, 485-86 (1997).

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.